993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John SIKKENS, Plaintiff-Appellant,
v.
Nandor KOVACS, Defendant,
and
The Institute for Advanced Study of Human Sexuality;
Generation Too, Inc., Defendants-Appellees.
 No. 92-15345.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 14, 1993.*
Decided May 11, 1993.
 
 1
 Before: CANBY and BRUNETTI, Circuit Judges, and JONES** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 John Sikkens appeals from the district court's judgment in favor of the Institute for the Advanced Study of Human Sexuality and Generation Too, Inc., in his diversity action that alleges tortious interference with contractual relations. We affirm.
 
 
 4
 * Sikkens wished to market a sexual enhancement product named "Exsativa." He contacted Nandor Kovacs, the president of the firm that manufactured the product, in hopes of striking a deal. Sikkens also examined Exsativa at the Institute, which was testing the product in clinical trials. There he viewed persons packaging boxes of Exsativa that bore shipping labels marked "Generation Too."
 
 
 5
 Shortly after his visit to the Institute, Sikkens signed with Kovacs a handwritten memorandum of agreement that vested exclusive marketing rights to the product in a Nevada corporation that Kovacs and Sikkens would control. The agreement obliged Sikkens to locate investors willing to buy 20,000 boxes of Exsativa at $10 per box, and obliged Kovacs to supply the product at that price. Another provision specified that "this agreement would bind KOVACS when SIKKENS has completed arrangements for the purchase of 20,000 boxes of EXSATIVA...."[1]
 
 
 6
 Sikkens demanded that the Institute and Generation Too stop selling Exsativa, but they refused. Kovacs himself refused to ship the goods pursuant to Sikkens' order. Kovacs maintained that the memorandum was only an agreement to agree.
 
 
 7
 Sikkens brought an action under Nevada law against Kovacs, alleging breach of the memorandum, and against the Institute and Generation Too, alleging interference with contractual relations. Sikkens and Kovacs settled. The district court entered judgment for the remaining defendants after a bench trial. The court found that no contract existed because the terms of the memorandum were indefinite. Alternatively, the court found that Kovacs' duty to supply Sikkens with Exsativa had never arisen because Sikkens had failed to fulfill a condition precedent to locate buyers for 20,000 boxes. Sikkens appealed. We have jurisdiction under 28 U.S.C. § 1291.
 
 II
 
 8
 Nevada law requires that Sikkens prove the existence of a valid contract between himself and Kovacs to further his claim of interference with contractual relations. Sutherland v. Gross, 772 P.2d 1287, 1290 (Nev.1989). Whether the memorandum was a contract and whether Sikkens fulfilled a condition precedent are fact questions. See 1 Arthur Linton Corbin, Corbin on Contracts § 291 at 88 (1963); 3A id. at 16 (1960). This court reviews for clear error the district court's answers to those questions. Id. at 1289 (citing Nev.R.C.P. 52(a)).
 
 
 9
 Assuming without deciding that a contract existed between Kovacs and Sikkens, we agree with the district court that Sikkens failed to fulfill a condition precedent. Sikkens does not question the existence of that condition; rather, he argues only that he fulfilled it. He maintains that he had the requisite offers in hand, but that those offers vanished in the face of competition from the defendants.
 
 
 10
 Competition provided no excuse for Sikkens' failure to deliver upon his promise to find investors. He knew or had reason to know, before signing the agreement, that the defendants were selling Exsativa. Kovacs' duty to supply the product never arose. Accordingly, Sikkens' interference claim fails.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The handwritten memorandum of agreement also contained a paragraph providing that
 Due to prior agreement [Kovacs] ... will supply or has the right to supply to Generation Too ... 3,000 boxes per month of Exsativa....
 A member of the Institute testified at trial that she had told Sikkens during his visit that Generation Too possessed authorization from Kovacs to buy and sell Exsativa. The paragraph in the memorandum which recognized the prior agreement was omitted from a typed version of that memorandum.
 
 
 [2]
 We decline to impose sanctions upon Sikkens under Fed.R.App.P. 38